UNITED STATES *v.* CHAMBERLAIN.

*(District Court, E. D. Missouri, E. D.* November 16, 1887.)

ELECTIONS—OFFENSES AGAINST—REV. ST. U. S. § 5521.

    A supervisor of election was indicted under Rev. St. U. S. § 5521, for neglecting and refusing to challenge the vote of an individual representing himself to be a person whom said supervisor knew to be dead. *Held* that, if for any reason he did not at the time know that such vote was being offered, then he was not guilty of any offense.

Indictment for Violation of section 5521 of the Revised Statutes of the United States.

*Thos. P. Bashaw,* U. S. Dist. Atty., and *D. P. Dyer,* special counsel, for the United States.

*Wm. C. Marshall,* for defendant.

THAYER, J., (*charging jury.*) The indictment in this case charges, in substance and effect, that John W. Chamberlain, the defendant, was duly appointed, by the circuit court of the United States for the Eastern district of Missouri, one of the supervisors of election for the Fifty-second election precinct of the city of St. Louis, the same being in the fourth ward of this city, and within the Eighth congressional district of the state of Missouri; that, as such supervisor, he served at an election held in that precinct on November 2, 1886, at which election a

representative in congress for the Eighth congressional district of Missouri was voted for; that, while so serving as supervisor of election at that precinct, some person representing himself to be Ed Maher, residing at 907 Biddle street, offered a ballot for a representative in congress then being voted for; that such ballot was accepted as a lawful ballot by the judges of election at said precinct, and that defendant, though present and aware that the Ed Maher residing at 907 Biddle street was dead, nevertheless neglected and refused to challenge the vote so offered and accepted.

By way of explanation, I will say that, under the laws of the United States, the circuit court of the United States, on the written request of a certain number of citizens residing in the district where such court is held, has power prior to the holding of an election for a representative in congress in such district to appoint what are termed "Supervisors of Election" for the various voting precincts of cities having over 20,000 people within the congressional district, whose duty it is to guard and scrutinize the election in so far as it relates to the election of a congressional representative. The duties of such officers are in part defined by the following paragraph of section 2017 of the Revised Statutes of the United States, which I will read:

"Sec. 2017. The supervisors of election are authorized and required to attend at all times and places for holding elections of representatives or delegates in congress, and for counting the votes cast at such elections; *to challenge any vote offered by any person whose legal qualifications the supervisors, or either of them, may doubt.* * * *"

The phrase "challenge any vote offered by any person whose legal qualifications the supervisor may doubt" means simply this: that it is a supervisor's duty to enter an objection or protest before the judges of election against the receipt of a ballot for a representative in congress from any person whom the supervisor believes is not for any reason a legally qualified voter at the precinct where such vote is tendered; and, at the time of making such objection, it is also the supervisor's duty to state to the judges of election the grounds of disqualification; that is to say, the facts on which the objection or challenge is based. The laws of the United States contain this further provision, which I will also call to your attention, as the indictment is founded on the particular section I am about to read. It is as follows:

"Sec. 5521. If any person be appointed a supervisor of election, * * * and has taken the oath of office as such supervisor of election, * * * and thereafter neglects or refuses, without good and lawful excuse, to perform and discharge fully the duties, obligations, and requirements of such office until the expiration of the term for which he was appointed, he shall not only be subject to removal from office, with loss of all pay or emoluments, but shall be punished by imprisonment for not less than six months, nor more than one year, or by a fine of not less than two hundred dollars, and not more than five hundred dollars, or by both fine and imprisonment, and shall pay the costs of prosecution."

As it is made the supervisor's duty to challenge a vote if he entertains a doubt of the voter's qualification, it follows, under the statute I last

read you, that, if a supervisor knowingly neglects or refuses when acting as supervisor to challenge the vote of any person offering to vote in his presence whom he knows or believes to be disqualified to vote at that precinct for any reason, then he commits an offense against the laws of the United States. The court accordingly instructs you that if you find from the evidence that defendant was appointed supervisor of election for the Fifty-second election precinct of the city of St. Louis at the election held November 2, 1886, that while serving in that capacity at said precinct a person with the knowledge of the defendant represented himself to the judges of election to be Ed Maher, residing at 907 Biddle street, and tendered a vote in that name for a representative in congress from the eighth congressional district of Missouri, which vote was accepted and placed in the ballot-box, and that defendant intentionally omitted to challenge said vote, that is to say, did not object to or protest against the acceptance of said ballot by the judges of election, although he knew that said Ed Maher was dead, then he should be found guilty of the charge laid in the indictment. To warrant you in finding the defendant guilty of the charge laid in the indictment, all the facts last stated must have been proven by the prosecution, not only to your satisfaction, but beyond any reasonable doubt.

Now, gentlemen, under the statute which I have read to you, it is obvious that the defendant cannot, and ought not to, be found guilty unless there was an intentional omission on his part to challenge the vote in the name of Ed Maher when such vote was offered, if it was offered, although he knew that Maher was dead, and that some one was attempting to vote in his name. It follows, therefore, that if he was absent from the room when the vote in that name was received, and for that reason, or for any other reason, he did not know at the time such vote was offered in the name of Maher that it was being offered, then he was not guilty of any offense, and you should so find.

The defendant, as I have understood him, claims that he was absent from the room where the votes were polled when said vote in the name of Maher was received, if any such vote was offered, or at least he claims that he was not aware at the time of the transaction that any such ballot was being offered. There is other testimony in the case tending to corroborate the defendant's statement, particularly the testimony of the witnesses James McCormick and George W. Thorn, and some entries contained in the registration list, to which defendant's counsel has alluded. You are the exclusive judges of the credibility of these witnesses, and of all the witnesses, and it is your province to determine what weight you will give to their testimony. It is your duty to carefully weigh the oral testimony, and to consider the entries which appear in the registration list to which allusion has been made, and even if you find that some person did vote in the name of Maher, and that defendant knew that Maher was dead, still you should not convict the defendant of the charge in this indictment unless the evidence satisfies you, beyond any reasonable doubt, that defendant stood by and saw or heard the vote in the name of Maher offered, and intentionally kept silent and permitted the judges of election

to accept such fraudulent ballot without challenging the same or making any objection thereto.

In conclusion I will say to you, in view of what has occurred during the argument, that defendant is on trial merely upon the charge stated in this indictment of intentionally neglecting to challenge a fraudulent ballot, knowing it to be fraudulent. You will confine your attention solely to that charge, ignoring any other charges against the defendant that may have been made by counsel in the course of the argument. The entries in the poll-books, and in the defendant's report, are before you, and are to be considered solely for the purpose of enabling you to determine whether the charge in the indictment is true or false.